IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JEFFREY L. STEWART,

         Petitioner,

   v.

STATE OF OREGON,

         Respondent.

Case No. 3:21-cv-00782-HZ

ORDER TO DISMISS

HERNANDEZ, District Judge.

Petitioner filed this habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenges a 2020 Multnomah County conviction for Mistreatment in the First Degree that resulted in a 31-month sentence. Because it is evident that Petitioner has not exhausted his state-court remedies, the Court summarily dismisses the Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Proceedings, 28 U.S.C. foll. § 2254 (permitting summary dismissal of petition).

///

///

## DISCUSSION

As an initial matter, Petitioner names the State of Oregon as the Respondent to this action. The State is not the proper Respondent because it is not Petitioner's immediate custodian. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (a prisoner's warden is typically the proper respondent in a habeas corpus case); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). The Court does not, however, allow Petitioner the opportunity to file an amended petition curing this deficiency because his Petition suffers from another defect that he cannot cure through amendment.

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *Rose v. Lundy*, 455 U.S. 509, 519-519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v.*

*Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

In this case, Petitioner lists the dates of his conviction in Multnomah County as October 26, 2020 and December 7, 2020, respectively. He represents that he filed a direct appeal in "Multnomah County Court State of Oregon" wherein he "requested the transcripts of hearing." Petition (#1), p. 3. He claims that the result of this appeal is unknown.[1] Given the timeframe Petitioner references as well as the procedural history he identifies, it is evident that he has not yet fairly presented any claim to the Oregon Supreme Court. Accordingly, the Petition for Writ of Habeas Corpus is summarily dismissed with leave to refile once Petitioner exhausts his state-court remedies.

## CONCLUSION

The Petition for Writ of Habeas Corpus (#1) is summarily dismissed without prejudice to Petitioner's right to refile it once he exhausts his state-court remedies.

IT IS SO ORDERED.

  June 18, 2021                   /s/ Marco Hernandez
    DATE                                Marco A. Hernandez
                                        United States District Judge

---

[1] Petitioner claims to be represented by counsel for purposes of his direct appeal, which is apparently ongoing.

3 - ORDER TO DISMISS